IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| JANETTE K. ADAMS, | Civil No. 16-9465 (RBK/JS) |
| Plaintiff, | **OPINION** |
| v. | |
| ALLSTATE LIFE INSURANCE COMPANY, et al., | |
| Defendants. | |

**KUGLER**, United States District Judge:

Janette K. Adams ("Plaintiff") brings claims against Allstate Life Insurance Company ("Defendant") and John Doe employees of Defendant for breach of contract, breach of the implied covenant of good faith and fair dealing, breach of warranty, negligence, negligent hiring/supervision, and paying a fraudulent instrument for allegedly disbursing funds from Plaintiff's annuity account to her ex-husband. This matter comes before the Court on Defendant's Motion to Dismiss Certain Claims (Doc. No. 14). For the following reasons, Defendant's motion is **GRANTED**.

**I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY[1]**

This suit concerns the alleged illicit draining of funds from Plaintiff's Allstate Annuity account. Plaintiff acquired an Allstate Annuity from her father's estate when he passed away in

---

1. On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "accept all factual allegations as true and construe the complaint in the light most favorable to the Plaintiff." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). Accordingly, for purposes of this motion, the Court adopts and accepts as true the facts as pled in the Complaint.

December 2005. Compl. ¶¶ 3-4 (Doc. No. 1). The annuity officially passed to Plaintiff on February 17, 2006, when she elected to defer payment from said account for up to five years. *Id.* ¶¶ 6-7. Plaintiff alleges that Defendant never obtained a signature card from her once the account was transferred to her. *Id.* ¶ 9. Plaintiff's Statement of Annuity Proceeds form stated that a signature card was required to withdraw funds from the account. *Id.* ¶ 8.

Defendant received a request to transfer $70,000 from the annuity account to a USAA Federal Savings Bank checking account. *Id.* ¶ 10. Defendant and its agents reviewed the request and the funds were deposited on May 23, 2006. *Id.* ¶¶ 10-12. Several more requests for disbursement were submitted between May 2006 and May 2007. *Id.* ¶¶ 14-21. They were: 1) January 8, 2007 request for $60,000, deposited January 17, 2007; 2) March 21, 2007 request for $60,000, deposited March 30, 2007; 3) May 16, 2007 request for complete surrender ($144,932.98), deposited May 29, 2007. *Id.*

The USAA account to which the money was deposited was jointly held between Plaintiff and her ex-husband, though she claims she was unaware of the account's existence. *Id.* ¶¶ 24-25. Plaintiff alleges that her signature was forged on each distribution form and that a comparison of the signature on the distribution forms with her actual signature (had Defendant acquired a signature card) would have clearly identified the forgeries. *Id.* ¶¶ 22-23. Accordingly, Plaintiff alleges that the failure of Defendant's security protocols allowed her ex-husband to make unauthorized withdrawals from her annuity account. *Id.* ¶ 26.

Plaintiff filed her Complaint alleging breach of contract, breach of the covenant of good faith and fair dealing, breach of warranty, negligence, negligent hiring/supervision, and paying a fraudulent instrument against Defendant in the Superior Court of New Jersey, Law Division, Camden County on December 1, 2016. *See* Notice of Removal (Doc. No. 1). Defendant removed

the case to this Court on December 23, 2016. *Id.* Defendant filed the instant motion to dismiss Counts II, III, and V of Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on February 21, 2017. *See* Def.'s Mot. to Dismiss (Doc. No. 14).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss an action for failure to state a claim upon which relief can be granted. When evaluating a motion to dismiss, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips*, 515 F.3d at 233). In other words, a complaint is sufficient if it contains enough factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). It is not for courts to decide at this point whether the moving party will succeed on the merits, but "whether they should be afforded an opportunity to offer evidence in support of their claims." *In re Rockefeller Ctr. Props., Inc.*, 311 F.3d 198, 215 (3d Cir. 2002). Yet, while "detailed factual allegations" are unnecessary, a "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (alteration in original) (citations omitted).

To make this determination, a court conducts a three-part analysis. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Id.* (quoting *Iqbal*, 556 U.S. at 675). Second, the court should identify allegations that, "because they are no more than conclusions, are not

3

entitled to the assumption of truth." *Id.* (quoting *Iqbal*, 556 U.S. at 680). Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Id.* (quoting *Iqbal*, 556 U.S. at 680). This plausibility determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. A complaint cannot survive where a court can infer only that a claim is merely possible rather than plausible. *Id.*

## III. DISCUSSION

Defendant moves to dismiss three of the six counts in Plaintiff's Complaint. The Court will address Defendant's arguments in the order they are raised in the brief.

### A. Breach of the Covenant of Good Faith and Fair Dealing

In New Jersey, "every contract . . . contains an implied covenant of good faith and fair dealing." *Sons of Thunder, Inc. v. Borden, Inc.*, 690 A.2d 575, 587 (N.J. 1997). This covenant demands that "neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract . . . ." *Id.* "A party to a contract breaches the covenant if it acts in bad faith or engages in some other form of inequitable conduct in the performance of a contractual obligation." *Black Horse Lane Assoc., L.P. v. Dow Chem. Corp.*, 228 F.3d 275, 288 (3d Cir. 2000) (citing *Sons of Thunder, Inc.*, 690 A.2d at 589). An essential element of any claim for breach of the covenant of good faith and fair dealing is proof of "bad motive or intention." *Brunswick Hills Racquet Club, Inc. v. Route 18 Shopping Ctr. Assocs.*, 864 A.2d 387, 396 (N.J. 2005). Thus, "[t]he party claiming a breach of the covenant of good faith and fair dealing must provide evidence sufficient to support a conclusion that the party alleged to have acted in bad faith has engaged in some conduct that denied the benefit of

4

the bargain originally intended by the parties." *Id.* (citing 23 Williston on Contracts § 63:22, at 513-14 (Lord ed. 2002)).

Defendant raises two arguments in favor of dismissing Plaintiff's claim for breach of the covenant of good faith and fair dealing. First, Defendant argues that Plaintiff has not alleged that Defendant acted in bad faith. Def.'s Br. at 8-9 (Doc. No. 14-1). Defendant claims that Plaintiff "alleges no facts which would plausibly suggest that Allstate Life acted in good faith, or that it exercised its discretionary authority arbitrarily or unreasonably, with the objective of preventing Plaintiff from receiving her reasonably-expected contractual benefits." *Id.* at 8. Instead, Defendant argues that Plaintiff has only alleged that Defendant failed to act in bad faith by not effectively performing on their contract "or by concealing or misrepresenting the respective parties' obligations and/or duties." *Id.* at 8-9 (citing Compl. Count 2 ¶ 3).

Plaintiff responds that bad faith requires consideration of several factors "including . . . the expectations of the parties and the purposes for which the contract was made[, t]he level of sophistication between the parties, whether the parties had equal or unequal bargaining power, and whether the Defendant's action involved the exercise of discretion." Pl.'s Opp'n Br. at 12 (Doc. No. 20). Of these, Plaintiff argues that Defendant failed to exercise discretion each time it disbursed funds to Plaintiff's ex-husband and that Defendant misrepresented its duties when it assured Plaintiff that her annuity would be secure and would require a signature to prevent fraudulent activity. *Id.* at 12-13. Furthermore, Plaintiff points out that Defendant and Plaintiff had unequal bargaining power because Defendant is in the annuity business. *Id.* at 13. Plaintiff concludes that "[t]here is sufficient dispute between the parties as to the material facts needed to establish a claim for the breach of the covenant of good faith and fair dealing." *Id.* The Court notes that sufficient dispute regarding facts is relevant at the summary judgment stage, but not

here at the motion to dismiss stage where specific allegations needed to establish a claim are squarely at issue.

Defendant responds that the Plaintiff has cited facts sufficient to, at most, allege that Defendant was negligent. Def.'s Reply Br. at 3-4 (Doc. No. 21). The Court agrees with Defendant. Nothing in Plaintiff's Complaint alleges that Defendant acted with the *intention* of preventing Plaintiff from receiving her expected contractual benefits. Therefore, Plaintiff has not adequately plead an essential element of a claim for breach of the covenant of good faith and fair dealing.

Defendant then argues that Plaintiff has failed to allege facts that would justify allowing a claim for breach of the covenant of good faith and fair dealing independent of a breach of contract claim. *Id.* at 9. Defendant cites District of New Jersey case law which states that an independent claim for breach of the covenant of good faith and fair dealing can only proceed under three circumstances:

> (1) to allow the inclusion of additional terms and conditions not expressly set forth in the contract, but consistent with the parties' contractual expectations; (2) to allow redress for a contracting party's bad-faith performance of an agreement, when it is a pretext for the exercise of a contractual right to terminate, even where the defendant has not breached any express term; and (3) to rectify a party's unfair exercise of discretion regarding its contract performance.

*See* Def.'s Br. at 8 (quoting *Hills v. Bank of Am.*, No. 13-4960, 2015 WL 1205007, at *4 (D.N.J. Mar. 17, 2015). Defendant argues that Plaintiff has cited no facts to show the existence of any of these three circumstances, and therefore cannot allege an independent claim for breach of the covenant of good faith and fair dealing. Def.'s Br. at 9-10. Plaintiff did not respond to this portion of Defendant's argument in her opposition brief. The Court observes that Plaintiff's Complaint does not allege any facts to suggest an independent claim for breach of the covenant

of good faith and fair dealing is appropriate in this case. Accordingly, Plaintiff's claim for breach of the covenant of good faith and fair dealing (Count II) is dismissed.

### B. Breach of Warranty

Defendant also moves to dismiss Plaintiff's claim for breach of warranty (Count III). Plaintiff's Complaint alleges that Defendant is liable for breach of warranty under N.J.S.A. section 12A:3-406. Compl. Count III ¶ 16. Plaintiff's Complaint also alleges that N.J.S.A. section 12A:4-208 "provides presentment warranties to all consumers doing business with banks." *Id.* ¶ 2. The Court observes that N.J.S.A. section 12A:4-208 provides drawee banks with presentment warranties as to the person who presents the draft at issue. *See* New Jersey Stat. Ann. § 12A:4-208(a). The Court notes that this statute does provide a right of action for the drawee (in this case, Defendant) to recover damages from the warrantor (in this case, Plaintiff's ex-husband) when the presentment warranty is breached. *Id.* § 12A:4-208(b). It does not, however, provide a right of action for the Plaintiff.

Defendant argues that Plaintiff's breach of warranty claim must be dismissed because she has "improperly relied upon a statutory *defense* as the basis for alleging Allstate Life's purported *liability* for breach of warranty . . . ." Def.'s Br. at 10 (emphasis in original). Plaintiff responds that she properly alleges a claim under N.J.S.A. section 12A:3-406, but does not address Defendant's argument that this section provides a defense rather than a basis for liability. *See* Pl.'s Opp'n Br. at 10-11. The Court observes that N.J.S.A. section 12A:3-406 does indeed provide a statutory defense rather than a legal basis for liability. Accordingly, Plaintiff's claim for breach of warranty (Count III) is dismissed with prejudice.

## C. Negligent Hiring and Supervision

To support a claim for negligent hiring, it must be shown "whether the risk of harm from the dangerous employee to a person such as the plaintiff was reasonably foreseeable as a result of the employment." *Di Cosala v. Kay*, 450 A.2d 508, 516 (N.J. 1982). To prove this, a plaintiff must satisfy two fundamental requirements. First, it must be shown that the employer had actual or constructive notice of dangerous attributes of an employee and "could reasonably have foreseen that such qualities created a risk of harm to other persons." *Id.* Second, a plaintiff must show that "through the negligence of the employer in hiring the employee, the latter's incompetence, unfitness or dangerous characteristics proximately caused the injury." *Id.* In determining what an employer should have known, it is settled doctrine that "[f]oresight, not hindsight, is the standard by which one's duty of care is to be judged." *Johnson v. Usdin Louis Co.*, 591 A.2d 959, 961 (App. Div.1991) (quoting *Hill v. Yaskin*, 380 A.2d 1107, 1109 (N.J. 1977)).

Defendant argues that Plaintiff's negligent hiring and supervision claim should be dismissed because "she has pled no facts that would plausibly lead a reasonable fact-finder to conclude that Allstate Life hired or supervised employees which it knew or should have known were 'unfit for the job.'" Def.'s Br. at 13. Defendant contends that the Complaint offers only a threadbare recitation of a necessary element for a negligent hiring/supervision claim, but Plaintiff offers no facts to suggest that Defendant knew or should have known that any of its employees were inclined to violent, aggressive, or injurious behavior. *Id.* Defendant also suggests (and the Court agrees) that Plaintiff's claim for negligent hiring/supervision appears to conflate a negligent supervision/hiring claim with a *respondeat superior* claim.

Plaintiff responds that the employee who handled the allegedly fraudulent transfers from her annuity account was incompetent in a way that caused her an injury and that a competent, adequately trained employee would have checked the signature card and recognized the forgery. Pl.'s Opp'n Br. at 14; Compl. Count V ¶ 3-6. Plaintiff suggests that the alleged injury as a result of the employee's incompetence is sufficient to survive a motion to dismiss. Pl.'s Opp'n Br. at 14. Defendant replies again that Plaintiff appears to have confused negligent hiring/supervision with *respondeat superior.* Def.'s Reply Br. at 7. Defendant also responds that Plaintiff has *still* not alleged any "knowledge of the employer and foreseeability of harm to third persons" nor has she suggested Defendant "knew or had reason to know of the particular unfitness, incompetence or dangerous attributes of the employee and could reasonably have foreseen that such qualities created a risk of harm to other persons." *Id.* (quoting *Di Cosala*, 450 A.2d at 516).

The Court agrees with Defendant. Plaintiff's Complaint lacks any suggestion that Defendant knew or should have known that any employee had some quality that could have *foreseeably* led to Plaintiff's alleged injury. Accordingly, Plaintiff's claim for negligent hiring/supervision (Count V) is dismissed.

**IV. CONCLUSION**

For the reasons stated herein, Defendant Allstate Life Insurance Company's motion to dismiss certain claims is **GRANTED**. Count III is **DISMISSED WITH PREJUDICE** as futile. Counts II and V are **DISMISSED** and Plaintiff has until August 28, 2017 to amend these Counts. An appropriate order shall issue.

Dated:   08/18/2017                                                                                                          s/ Robert B. Kugler
                                                                                                                                              ROBERT B. KUGLER
                                                                                                                                              United States District Judge