IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| Janette K. ADAMS, | |
| Plaintiff, | Civil No. 16-9465 (RBK/JS) |
| v. | **OPINION** |
| ALLSTATE LIFE INSURANCE COMPANY, *et al.* | |
| Defendants. | |

**KUGLER**, United States District Judge:

This matter comes before the Court on Defendant Allstate Life Insurance Company's Motion to Dismiss Certain Claims. (ECF No. 30.) Defendants seek dismissal of Count II of the amended complaint, a claim for breach of the covenant of good faith and fair dealing, as well as Count V, a claim for negligent hiring and supervision. Because Plaintiff's amended complaint has not cured the defects that previously led to dismissal of these claims without prejudice, Defendant's motion is **GRANTED**.

## I.  THE FACTS

As Plaintiff has not changed the facts of her complaint on amendment, the Court adopts the facts as stated in its previous opinion. (*See* Op., ECF No. 24.) In brief, this suit concerns the alleged illicit draining of funds from Plaintiff's Allstate annuity account, which she inherited from her father's estate. (*Id.* at 1-2.) It is alleged that Allstate failed to prevent her former husband from withdrawing funds from her annuity account. (Am. Compl. at 7.)

On August 18, 2017, this Court granted Defendant's motion to dismiss (ECF No. 14), dismissing Plaintiff's breach of warranty claim with prejudice. This Court also dismissed, without prejudice, Plaintiff's claims of (i) breach of the covenant of good faith and fair dealing and (ii) negligent hiring and supervision. This Court found that Plaintiff had not "allege[d] any facts to suggest an independent claim for breach of the covenant of good faith and fair dealing." (Op., ECF No. 24 at 8.) We also found that Plaintiff had not presented "any suggestion that Defendant knew or should have known that any employee had some quality that could have foreseeably led to Plaintiff's alleged injury." (*Id.* at 9.)

Plaintiff amended her complaint after dismissal, though she presents the exact same Statement of Facts and has only changed the contents of Counts II and V. (ECF No. 27.) But some changes were forthcoming. With respect to Count II, Plaintiff clarified, that Allstate did not ask anyone who withdrew funds from the account for a signature card. In so doing, Allstate "allowed Plaintiff's husband, Jeffrey Adams, to fraudulently withdraw the $334,932.98 Annuity by forging Plaintiff's signature on the Requests for Distribution forms without Plaintiff's knowledge." (Am. Compl. at 7.) Count V has seen some changes as well, although none of them are grounded in fact.

Defendants have again moved for dismissal of these counts, and have asked for the Court to do so with prejudice. Plaintiff, for her part, failed to timely file a response, but did send a letter (also untimely) to the Court stating she wished to resubmit her opposition papers to the previous motion to dismiss. (ECF No. 34.)

**II.    THE 12(b)(6) STANDARD**

When considering a motion to dismiss a complaint for failure to state a claim, Fed. R. Civ. P. 12(b)(6), the Court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the non-moving party. A motion to dismiss may be granted

2

only if the plaintiff has failed to set forth fair notice of what the claim is and the grounds upon which it rests that make such a claim plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Although Rule 8 does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

In reviewing the sufficiency of a complaint, this Court must "tak[e] note of the elements [the] plaintiff must plead to state a claim. Second, it should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, [w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (alterations in original) (internal citations and quotation marks omitted).

### III. DISCUSSION

Plaintiff's amended complaint is word-for-word identical to her previous submission save for seven paragraphs. The law-of-the-case doctrine thus counsels this Court against considering anything in the complaint previously addressed in this Court's last opinion on the sufficiency of the pleadings. *See generally* Wright & Miller, 18B Federal Practice & Procedure. Juris. § 4478 (2d ed.) In light of the amendment and the relatively minor changes made to the complaint, we therefore consider this question: do these new paragraphs add sufficient factual background, taken together with the remainder of the complaint, to withstand dismissal under 12(b)(6)?

We find that they do not.

## A. Count II: The Breach of the Covenant of Good Faith and Fair Dealing

"In every contract there is an implied covenant that neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract; in other words, in every contract there exists an implied covenant of good faith and fair dealing." *Sons of Thunder, Inc. v. Borden, Inc.*, 148 N.J. 396, 420 (1997) (quotations and citations omitted). To state a claim of breach of the covenant of good faith and fair dealing, a plaintiff must present some facts indicating bad motive. As the Supreme Court of New Jersey has explained, "an allegation of bad faith or unfair dealing should not be permitted to be advanced in the abstract and absent improper motive." *Wilson v. Amerada Hess Corp.*, 168 N.J. 236, 251 (2001). "Without bad motive or intention, discretionary decisions that happen to result in economic disadvantage to the other party are of no legal significance." *Id.* We previously dismissed this claim for failing to set forth any facts that established bad faith or an intention to deprive Plaintiff of her expected contractual benefits.

Plaintiff's most recent submission does little to correct these deficiencies; indeed, Plaintiff appears to fundamentally misunderstand the covenant of good faith and fair dealing. Plaintiff alleges that Allstate or its employees "acted in bad faith" by failing to obtain Plaintiff's signature or by failing to authenticate Plaintiff's signature, thereby letting her former husband abscond with the funds. However, it is not enough, as Plaintiff does, to infer bad intentions from bad consequences. Simply intoning the words "bad faith" does establish a breach of this covenant; to do so is to offer "no more than conclusions," which "are not entitled to the assumption of truth." 809 F.3d at 787. This is not the end of the 12(b)(6) analysis, of course, but the Court finds that, on these facts, it is not plausible that Allstate intentionally, let alone with bad faith or malice, permitted an unauthorized individual to withdraw funds from Plaintiff's annuity account.

However, because some set of facts may exist that could indicate such a finding, we find that dismissal with prejudice is inappropriate at this time. If Plaintiff seeks to state this claim against Defendants, she must present facts that could plausibly establish an intent to permit Plaintiff's husband (or someone else) to withdraw funds from the annuity with a forged signature.

### B. Count V: Negligent Hiring and Supervision

As this Court noted in its last opinion, to support a claim for negligent hiring, a plaintiff must show that "the risk of harm from the dangerous employee to a person such as the plaintiff was reasonably foreseeable as a result of the employment." *Di Cosala v. Kay*, 450 A.2d 508, 516 (N.J. 1982). This claim requires a plaintiff to satisfy two elements. First, she must show that an employer had actual or constructive notice of a dangerous attribute of an employee and "could reasonably have foreseen that such qualities created a risk of harm to other persons." *Id.* Second, a plaintiff must show that "through the negligence of the employer in hiring the employee, the latter's incompetence, unfitness or dangerous characteristics proximately caused the injury." *Id.* In determining what an employer should have known, it is settled doctrine that "[f]oresight, not hindsight, is the standard by which one's duty of care is to be judged." *Johnson v. Usdin Louis Co.*, 591 A.2d 959, 961 (App. Div. 1991) (quoting *Hill v. Yaskin*, 380 A.2d 1107, 1109 (N.J. 1977)).

We previously dismissed Plaintiff's complaint for failing to identify some quality that could have foreseeably led to Plaintiff's alleged injury. Plaintiff's amendment to Count V has done little to correct this deficiency. Two paragraphs have been added. The first merely adds the word "supervise" to Defendant's triple duty to responsibly "hire, train, and supervise," flatly failing *Twombly*'s disdain for "a formulaic recitation of the elements of a cause of action." 550 U.S. at

5

555. The other offers more words, but not more substance. The first[1] Paragraph 7 of Count V reiterates Defendant's alleged failure to properly hire, train, or supervise its employees and those employees' alleged failures to see that the signature presented to them was authentic. It does not allege any particular and dangerous quality of an employee that could have foreseeably put Defendant on notice. An allegation must rest on facts, and Plaintiff's complaint did not even amend its facts section to shore up these claims. Instead, Plaintiff reimagined a conclusory recital of the elements that is materially indistinguishable from the claim this Court previously dismissed. Accordingly, this claim is dismissed as well.

## IV.    CONCLUSION

As before, if Plaintiff seeks to amend the pleadings with respect to these claims, she must present facts sufficient to state a claim and not rely on threadbare assertions and conclusory allegations to make her point for her. Defendant's motion is therefore **GRANTED** and Counts II and V of Plaintiff's complaint are dismissed without prejudice. An order follows.

Dated:    April 4, 2018                                  /s Robert B. Kugler
                                                         ROBERT B. KUGLER
                                                         United States District Judge

---

[1] The first, because there are two Paragraph 7s under Count V.